No. 8611.

JOSEPH MAILLE VS. LAURENT LACASSAGNE.

In a suit for damages because of a criminal prosecution, where the only witness for the plaintiff is himself, who admits there has been no loss of his business, exhibits an insignificant expenditure, and displays insensibility, a verdict for a small sum will be considered sufficiently punitory of the defendant.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*F. D. Chrétien* and *A. Voorhies* for Plaintiff and Appellee.

*W. S. Benedict* and *J. L. Tissot* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The plaintiff is a lawyer, the defendant a grocer. The

suit is for twenty thousand dollars as damages for a malicious prosecution. A jury gave four hundred and fifty dollars.

The plaintiff had in charge the collection of sundry accounts of one Desca, which were sold, and of which the defendant became the purchaser. Maille continued collecting them, and in settling with the defendant wanted to retain a larger commission than Lacassagne was willing to allow. This disagreement prevented a settlement, and as Maille did not pay over, Lacassagne made affidavit that he had obtained money on false pretences. The charge was dismissed, as it ought to have been, but unfortunately the Recorder could not then and there punish Lacassagne for his folly.

The plaintiff is the only witness for himself. He has been practising law since November, 1880 or 1881. The date is very recent, and yet his knowledge of so interesting an event is so misty that he does not fix the year with precision. He has not lost any business in consesequence of the defendant's charge against him, and his outlay as stated in a bill of particulars has been $2.60 for newspapers, $9.75 for car fare and extra clerk hire, and $1.50 for mail matter and telegram, and even these items are reduced upon his cross-examination to 80 cents for newspapers, 10 cents for car fare, 12 cents for postage, and 30 cents for a telegram. The whole affair is so puerile that it seems unaccountable that the counsel on each side should have wasted over twenty pages of printed brief upon it.

If the defendant had been malignant as well as irascible, or if the plaintiff had suffered in purse, reputation, or wounded feeling, the matter would have presented a different aspect. As to the last item for reparation, the plaintiff, answering his counsel's question whether he underwent any pain, suffering, and anxiety, said he was " still undergoing a great many pains."

If we should interfere with the verdict at all we should reduce its amount, but the defendant will probably be taught by it that the institution of criminal proceedings is not the proper mode of redressing a civil injury.

Judgment affirmed.